IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STACY ANN DECKER,** | : | Case No. 2:12-CV-00454 |
| | : | |
| Plaintiff, | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| v. | : | |
| | : | Magistrate Judge Terence Kemp |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

Plaintiff, Stacy Ann Decker, brings this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Benefits and Supplemental Security Income. This matter is before the Court for consideration of Defendant's Objections (Doc. 20) to United States Magistrate Judge Terence J. Kemp's Report and Recommendation (Doc. 14), recommending that the Court remand the case to the Commissioner. For the reasons stated below, the Court **OVERRULES** Defendant's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **REMANDS** the Commissioner's decision.

## I. BACKGROUND

Plaintiff Decker, who was 38 years of age at the time of the administrative hearing and who has a tenth grade education with a subsequent GED, alleges she became disabled in 2008 due to mental health problems which caused her to have difficulty focusing and concentrating. Plaintiff was diagnosed with major depression and alcohol dependence in 1999, and hospital notes indicate treatment for psychological symptoms beginning in 1997. Plaintiff experiences side effects from medication, does not sleep well, and has frequent panic attacks. At the time of

1

the hearing, she was seeing a psychiatrist and going to counseling. Plaintiff last worked in 2005 or 2006, but lost the position due to a prior criminal charge for domestic violence.

Plaintiff filed her application for disability insurance on August 25, 2008. After her application was denied initially and again upon reconsideration, Plaintiff sought a de novo hearing before an administrative law judge ("ALJ"). The ALJ held a videoconference hearing on October 21, 2010 at which Plaintiff appeared and testified, along with a consultative psychologist and state agency reviewer. Plaintiff appeared in Columbus, OH, and the ALJ presided over the hearing from St. Louis, MO. (*Tr. of Administrative Hearing*, Doc. 10-2, at 11.) A vocational expert ("VE"), also testified at the administrative hearing, appearing by telephone. Plaintiff received notice of the videoconference hearing, but did not receive notice that the VE would appear by telephone. Whether this telephonic testimony was taken in error is at issue in the current case. On December 13, 2010, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. (*Report & Recommendation*, Doc. 14, at 3-7.)

Plaintiff then timely commenced the instant action. In her Statement of Errors, Plaintiff advanced four arguments supporting her assertion that the decision of the Commissioner denying benefits should be reversed. Plaintiff asserted three substantive errors: (1) that the ALJ gave too much weight to the opinion of a non-examining source; (2) that the ALJ posed improper hypothetical questions to the vocational expert and did not properly define critical terms; and (3) that the jobs identified by the vocational expert do not exist in significant numbers. Plaintiff also made a claim of procedural error, contending that it was improper for the vocational expert to appear by telephone.

In his Report and Recommendation, the Magistrate Judge agreed with Plaintiff's contention of procedural error and found that the ALJ erred in taking the VE testimony by

telephone. The Magistrate Judge recommended that the Plaintiff's statement of errors be sustained to the extent that the case be remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

The Commissioner filed objections to the Magistrate Judge's Report and Recommendation on May 17, 2013. The Commissioner contends that the ALJ did not err in taking the VE's testimony by telephone. The Commissioner submits that Plaintiff waived any argument on the VE testifying via telephone; the ALJ committed no error by having the vocational expert testify via telephone; and if the ALJ did err, it was harmless.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence exists when 'a reasonable mind might accept the evidence as adequate to support a conclusion [and] … presupposes that there is a zone of choice within which the decision-makers can go either way, without inference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld

where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rubbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. ANALYSIS

Resolution of this case turns on the Magistrate Judge's evaluation of Plaintiff's claim of procedural error. The Magistrate Judge concluded that the Social Security Administration ("SSA") erred by allowing the VE to give his testimony by telephone. The Plaintiff argued, and the Magistrate Judge agreed, that the failure of the SSA to follow its own regulations required a remand.

As a threshold matter, the Commissioner contends that the Magistrate Judge's remand is based on a "procedural irregularity" that was waived. The Commissioner supports this contention by pointing out that Plaintiff stipulated to the testimony of the VE, and did not voice an objection to the telephonic testimony. (*Objection*, Doc. 20, at 2.) This argument, however, is without merit. The Magistrate Judge noted in his Report and Recommendation that Plaintiff's Counsel stipulated that the vocational expert could testify at the administrative hearing; however, it is not clear that the stipulation included testifying by telephone. This Court agrees that it is ambiguous whether this stipulation included telephonic testimony, and does not find that Plaintiff waived her claim by failing to object because Plaintiff received no advance notice of the fact that the VE would appear by phone. (*Report & Recommendation*, Doc. 14, at 11.)

This failure to notify Plaintiff of the process to be used at the hearing led the Magistrate Judge to conclude that the ALJ's proceeding was procedural improper based in part on the SSA's own regulations, printed in 20 C.F.R. § 404.938. At the time of the 2010 teleconference hearing, section 404.938(b) required the agency to send a benefits claimant notice of a hearing which told

4

the claimant in advance if the hearing would be in person or by teleconference. The SSA regulation did not include the option of telephonic witness testimony. In his argument that the ALJ committed no error, the Commissioner highlights the SSA's use of the word "may" in 20 C.F.R. § § 404.950(e), 416.1450(e). (*Objection*, Doc. 20, at 4.) The Commissioner interprets this language as permissive, and argues that the regulation does not exclude the taking of vocational expert testimony via telephone. *Id.* at 6.

The Commissioner goes on to argue that there are practical reasons supporting telephonic testimony because the testimony itself is not diminished when the telephone is used. (*Objection*, Doc. 20, at 9.) The Commissioner also argues that administrative convenience supports the use of telephonic testimony. The Magistrate Judge directly addressed and refuted this argument in his Report and Recommendation. As part of his analysis, the Magistrate Judge found support in *Edwards v. Astrue*, No. 3:10cv1017, 2011 WL 3490024 (D. Conn. Aug. 10, 2011). The Magistrate Judge concluded that administrative convenience was not a valid consideration, and that it was expressly rejected when the videoconference regulations were adopted. (*Report & Recommendation*, Doc. 14, at 15.)

A recent Social Security Regulation, however, repudiates the Magistrate Judge's rationale. On May 21, 2013, after all Objections to the Magistrate Judge's Report and Recommendation had been made, the SSA took a step in its "continual efforts to handle workloads more effectively and efficiently" by enacting a final rule relating to persons appearing at hearings by telephone. *Rules on Determining Hearing Appearances*, 78 Fed. Reg. 29,624-01 (May 21, 2013) (to be codified at 20 C.F.R. pts. 404, 405, and 416). The SSA revised the procedures to clarify that an "ALJ will allow the claimant or any other party to a hearing to appear by telephone under certain circumstances when the claimant or other party requests to

5

make his or her appearance in that manner." *Id.* The SSA explained in its regulation that it expected the final rules to make the hearing process more efficient and to reduce the hearing backlog, and that it was making the rules in order to address recent court cases. *Id.*

This final rule – enacted in response to the district cases cited by Plaintiff and the Magistrate Judge in support of remanding this case – impacts all of the regulations affecting appearances at SSA administrative hearings. The agency made this clear through the following statement:

> In a recent Federal case, a District Court Judge held that we could not take a medical expert's testimony by telephone without prior notice to the claimant, and over the claimant's objections, unless we amended our regulations to allow witnesses to appear by telephone. *Edwards v. Astrue*, No. 3:10cv1017, 2011 WL 3490024 (D. Conn. Aug. 10, 2011). Other courts have made similar rulings. These final rules address concerns raised in *Edwards* and other cases.

*Id.* The SSA regulations at issue formerly stated that parties could appear before the ALJ either in person or by video teleconferencing. Effective June 20, 2013, these regulations now explicitly permit parties and witnesses to appear by telephone as well.

The regulations still require the ALJ to provide the claimant with notice if parties are to appear at the hearing by telephone. The claimant or other affected parties may object to the appearance; however, the final determination regarding how the testimony will be heard ultimately lies with the ALJ:

> If the ALJ determines that any person will appear at the hearing by telephone, the ALJ will notify the claimant and any other party to the hearing in advance of the hearing.  If the claimant or any other party to the hearing objects to any other person appearing by video teleconferencing or by telephone, the ALJ will decide how that person will appear. Our final rules also clarify that the claimant or any other party to the hearing may request to appear at the hearing by telephone. The ALJ will allow the claimant or other party to appear by telephone if the ALJ determines that extraordinary circumstances exist which prevent the claimant or other party from appearing in person or by video teleconferencing.

6

*Id.* This Court takes note that the SSA's final rules were not in effect at the time of Plaintiff's videoconference hearing on October 21, 2010. As such, the telephonic testimony was in violation of the SSA regulation as it stood in 2010, and there is no indication that these final rules are meant to apply retroactively. Accordingly, the Court adopts the Magistrate Judge's view that this procedural irregularity was in error, as was the failure of the ALJ to provide Plaintiff with notice that the testimony would be elicited via the telephone.

Based on this Court's finding of procedural error, the remaining question is whether that error was harmless. The Commissioner contends that Plaintiff suffered no prejudice from the telephonic testimony, and asserts that the Magistrate Judge should have concluded that the testimony was harmless error.

The Sixth Circuit generally reviews decisions of administrative agencies for harmless error. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 656 (6th Cir. 2009); citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6, 89 S.Ct. 1426 (1969) (noting that courts are not required to "convert judicial review of agency action into a ping-pong game" where "remand would be an idle and useless formality"). As such, the Court does not advocate remand for further administrative proceedings when an agency has failed to adhere to its own procedures unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983); see also *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532 539, 90 S.Ct. 1288 (1970) (holding that agency's failure to follow its own regulations did not require reversal absent a showing of substantial prejudice by the affected party).

The Magistrate Judge engaged in a multi-factor analysis to determine whether the procedural rule conferred a substantial right on the parties. The Magistrate Judge ultimately determined that the procedural irregularity – the telephonic testimony – was presumptively prejudicial given the value of examining and observing witnesses while they are being questioned. The SSA responded to this concern in the comment period prior to the promulgation of its 2013 final rule:

> Several commenters suggested that telephone appearances by witnesses would impede the claimant's ability to adequately examine, observe and be observed by, or question experts and other witnesses. Regarding expert witnesses, one commenter believed that an expert testifying via telephone would need to provide the underlying documentation for his or her testimony at the hearing, and suggested that, if requested, the expert witnesses could be obligated to fax such documentation to the claimant or representative. Other commenters expressed concern that it would be difficult for claimants or representatives to verify the qualifications or investigate disciplinary problems relating to expert witnesses testifying via telephone. Another commenter said that an appearance of bias is introduced when experts from one area of the country testify via telephone in cases located in another area of the country. With respect to lay witnesses, one commenter believed the proposed rule needed additional clarity to convey that ALJs could not use it to prevent the claimant from calling other witnesses to testify on his or her behalf.
>
> We disagree with the concerns raised in this comment. Under these final rules, the claimant can object to a witness appearing by telephone, and the ALJ has discretion to determine that the appearance of any witness be conducted in person. Thus, to the extent that circumstances could arise in which it would be advisable to schedule an in-person appearance by a witness even though a telephonic appearance would be possible, the ALJ may schedule such an appearance.
>
> All claimants or representatives are entitled to conduct questioning and cross-examination as needed to inquire fully into the matters at issue. If witnesses appear by telephone, we will continue to provide the claimant and any other party to the hearing the same right to question and cross-examine witnesses, as well as access to the hearing record.
>
> In addition, the final rules do not change the standard procedures we use when medical experts (MEs) and vocational experts (VEs) testify. Before MEs and VEs testify as impartial witnesses at the hearing, ALJs must "qualify" them by eliciting information including, but not limited to, impartiality, expertise, and professional qualifications. Furthermore, MEs and VEs will continue to submit

>their professional qualifications into the written record. The claimant and any other party to the hearing will have the same access to this information if the ME or VE is appearing in person, by video teleconferencing, or by telephone. ME and VE testimony is based on the evidence entered into the record and not on any examination or personal evaluation of the claimant. Thus, a claimant or representative will have a complete opportunity to confront and examine an expert witness on qualifications or adverse testimony regarding the matters that are important with respect to expert testimony—i.e., the expertise of the witness and the accuracy of his or her testimony. In addition, the claimant and any other party to the hearing retain the right to object to a witness based on bias or qualifications.

*Rules on Determining Hearing Appearances*, 78 Fed. Reg. 29,624-01.

While the SSA's analysis informs this Court's future jurisprudence, the Plaintiff was nonetheless denied the "complete opportunity to confront and examine" the VE because she was not notified of the telephonic testimony in advance of the hearing. Rather, the information provided to Plaintiff about the videoconference hearing indicated that all parties would be visible during the course of the hearing, and no one has offered an explanation as to why this did not occur. (*Report & Recommendation*, Doc. 14, at 11.) This procedural error was proscribed both by the SSA regulation in effect at the time of the hearing and by the SSA's final rule.

The SSA makes clear that the final rule was formulated in order to address cases such as the one before this Court. The final rule also explicitly states, however, the SSA's intent to retain the regulation's notice requirement. To be sure, the SSA highlights the importance of this procedural requirement by renewing the instruction that a claimant is entitled to advance notice of telephonic testimony. *Rules on Determining Hearing Appearances*, 78 Fed. Reg. 29,624-01. ("If the ALJ determines that any person will appear at the hearing by telephone, the ALJ will notify the claimant and any other party to the hearing in advance of the hearing.")

Based on its review of the record, it is impossible for this Court to conclude that the Magistrate Judge erred in finding that the error was not harmless. Because the Commissioner

failed to provide Plaintiff with notice of the telephonic testimony, the remand the Magistrate Judge recommends is entirely appropriate.

## IV. CONCLUSION

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Accordingly, the Court **OVERRULES** the Commissioner's Objections. (Doc. 20.) The decision of the Commissioner is **REVERSED** and the action is **REMANDED** to the Commissioner of Social Security, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

                                        s/Algenon L. Marbley
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATE: September 10, 2013**