```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Stacy Ann Decker,              :

       Plaintiff,              :

     v.                        :    Case No. 2:12-cv-0454

Commissioner of Social         :    JUDGE ALGENON L. MARBLEY
   Security,                        Magistrate Judge Kemp
                               :
       Defendant.
```

## REPORT AND RECOMMENDATION

Plaintiff, Stacy Ann Decker, filed this action seeking review of a decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.  In a decision filed on September 10, 2013, the Court remanded the case to the Commissioner for further proceedings.  <u>Decker v. Commissioner of Social Sec.</u>, 2013 WL 4830961 (S.D. Ohio Sept. 10, 2013).  Plaintiff's counsel have now filed an application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412.  Responsive and reply memoranda have been filed, and the motion is now ready to decide.

### I. Legal Standard

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing

party and is eligible to receive a fee award. It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th

Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

## II. The Application for Fees

In this case, two attorneys, Payam Yazdani and David S. Bloomfield, represented Plaintiff. According to their application, they expended, in total, 49 hours on the case. They request an award of $8,771.00 for the time spent, an hourly rate of $179.00.

In the response, the Commissioner takes issue both with the number of hours spent on the case and the proposed hourly rate of compensation, but, more significantly, argues that the litigation position taken by the Commissioner in this Court was substantially justified. The Court now turns to that question.

## III. Discussion

A brief review of the case's procedural history is in order. Plaintiff had applied for benefits on the basis of disability due to psychological issues. At the administrative hearing, which was held by videoconference before an ALJ sitting in St. Louis, Missouri, a vocational expert was permitted to appear and testify by telephone. That process violated then-existing HHS regulations.

In a Report and Recommendation, the undersigned Magistrate Judge recommended reversal based on the combination of the commission of a procedural error and the conclusion that the error was not harmless. The District Judge adopted that recommendation, although noting that in the wake of one of the decisions cited in the Report and Recommendation, Edwards v. Astrue, 2011 WL 3490024 (D. Conn. Aug. 10, 2011), new regulations

-3-

were adopted which allowed vocational expert testimony to be provided telephonically if advance notice and an opportunity to object were given to the claimant.

Plaintiff seizes upon the fact that several District Courts had issued rulings adverse to the Commissioner's litigation position in this case as evidence that the Commissioner's position was not substantially justified.  Plaintiff's position is well-summarized by this statement in her reply:

> The Commissioner defended the ALJ's decision while on notice about other District Court cases with similar holdings on a central issue in this case, and while working to change its regulations to allow for telephonic witness testimony as a result of such precedent.  Thus, the Commissioner's defense was unreasonable and its position was not justified.

Reply Memorandum, Doc. 26, at 5.  The first part of this statement is factually true: there were contrary District Court cases, and the Commissioner was working on a regulatory change while litigating this case.  The question is whether it can be inferred from those facts that the Commissioner's litigation position was not substantially justified.

In the Commissioner's initial memorandum in opposition to the Plaintiff's statement of errors, the regulatory issue was not really addressed.  The Commissioner argued, alternatively, that any procedural irregularity had been waived, or that Plaintiff was not deprived of Constitutional due process.  A more substantial argument was made in the objections (Doc. 20), to which Plaintiff did not respond.  There, the Commissioner argued not only that a waiver had occurred, but that no procedural violation took place and that any error was harmless.

The earlier Report and Recommendation (Doc. 14) illustrates the substantial nature of at least some of these arguments.  Although the Commissioner's argument on waiver may have bordered

on the insubstantial, the other arguments - was there a procedural violation, and was it harmless error - produced nine pages of analysis.  Included in that analysis was a citation to several District Court decisions which concluded that any violation of the regulation in question was harmless unless the claimant could show specific prejudice.  These were not easy questions to answer, and the District Judge also devoted substantial discussion to them.

    This Court is not prepared to say that when a handful of District Courts have rejected the Commissioner's litigation position, while others have supported it, the Commissioner cannot make a reasonable argument that the conflict should be resolved against the claimant.  As one court has said, where the parties are "operating in a relatively novel area of the law," the United States' litigation position is substantially justified for purposes of the EAJA if it is "supported by reasonable factual and legal arguments."  U.S. Commodity Futures Trading Com'n v. WeCorp, Inc., 878 F.Supp.2d 1160, 1165 (D. Hawai'i 2012).  That is the case here.  The Commissioner may well have wished to revise the regulation in question not because it clearly prohibited telephonic testimony by vocational experts, but in order to preclude further litigation over that issue.  And the Commissioner is always free to make a harmless error argument even when a regulation has been violated.  The substantiality of that argument will depend on the specific facts of each case, but here, where even the standard to be applied to the harmless error was a topic for debate, it is difficult to say that the Commissioner did not advance a reasonable argument that the Court should find that the regulatory violation was harmless error.  EAJA fees can be awarded when "there [i]s no reasonable factual or legal basis for the Commissioner to argue that the error was harmless," Downey v. Astrue, 2012 WL 1205824, *7, 177

Soc.Sec.Rep.Serv. 18 (E.D. Cal. Apr. 11, 2012), but that is not the case here.  Consequently, the Court recommends the denial of Plaintiff's motion.

## IV. Recommended Decision

For these reasons, it is recommended that the Plaintiff's motion for an award of fees under the Equal Access to Justice Act (Doc. 24) be denied.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge