IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACY ANN DECKER, | : | |
| | : | Case No. 2:12-CV-0454 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

### I. INTRODUCTION

On September 10, 2013, the Court entered judgment sustaining Plaintiff Stacy Ann Decker's Statement of Errors (Doc. 11) and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to 42 U.S.C. § 405(g), Sentence Four. (Doc. 22.) Plaintiff subsequently moved for an attorney fee award of $8,771.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

This matter is before the Court for consideration of Plaintiff's Objection (Doc. 28) to the Magistrate's Judge's May 2, 2014 Report and Recommendation, which recommended that the Court deny Plaintiff's Motion for Attorney Fees and Costs. (Doc. 27.) Upon independent review by this Court, and for the reasons set forth below, the Court **SUSTAINS** Plaintiff's Objection and **REJECTS** the Magistrate Judge's **Report and Recommendation**. The Court **GRANTS** an award of attorney fees to Plaintiff in the amount of $5,996.50.

### II. BACKGROUND

On August 25, 2008, Plaintiff filed an application for disability insurance. (Doc. 22 at 2.) Plaintiff alleged that she became disabled in 2008 due to mental health problems which caused

1

her to have difficulty focusing and concentrating. (*Id.* at 1.) At the time of the hearing, Plaintiff was seeing a psychiatrist and going to counseling. (*Id.* at 1-2.) In 1999, Plaintiff had been diagnosed with major depression and alcohol dependence and she had been treated for other psychological symptoms in 1997. (*Id.* at 1.) Plaintiff experiences side effects from her medication, does not sleep well, and has frequent panic attacks. (*Id.*) She last worked in 2005 or 2006 but lost the position due to a prior criminal charge for domestic violence. (*Id.* at 2.)

Plaintiff's application for disability insurance was denied initially and upon reconsideration. (*Id.*) Plaintiff then sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). (*Id*.) The hearing was held via videoconference before an ALJ presiding in St. Louis, Missouri. (*Id.*) During the hearing, the ALJ permitted a vocational expert, Mr. Brown, to testify telephonically. (*Id.*) Agency regulations at the time of the hearing permitted expert testimony only in person or via videoconference. (*Id*. at 4-5.) Plaintiff's counsel agreed to allow Mr. Brown's testimony, but it is not clear whether counsel stipulated to the testimony being given by telephone or merely to Mr. Brown's qualifications to testify. (Doc. 14 at 11.) It appears from the administrative record, however, that Plaintiff was not given advance notice of the fact that the expert would testify by telephone. (*Id*.)

The ALJ found that although Plaintiff had some work restrictions, she could perform certain jobs that the vocational expert identified. (*Id*. at 7.) Consequently, the ALJ ruled that Plaintiff was not disabled and denied her application for benefits. (*Id*. at 8.) Plaintiff filed a Complaint in this Court and submitted a Statement of Errors arguing, among other things, that the vocational expert's appearance by telephone was a reversible procedural error. (*Id*.)

In his April 3, 2013 Report and Recommendation, the Magistrate Judge found that the regulation then in effect, *see* 20 C.F.R. § 404.950, permitting expert testimony only in person or

2

via video conference, "clearly create[d] procedural protection for claimants and not for the [agency]" and that the telephonic testimony was presumptively prejudicial given the value to the claimant of examining and observing a witness who is being questioned. (*Id*. at 14, 16-17.) The Magistrate Judge concluded that remand was warranted under these circumstances in order to "insure that the claimant is afforded his or her regulatory rights and that the Commissioner has appropriate incentive to follow the regulation in question." (*Id*. at 18.)

Defendant objected to the Magistrate Judge's Report and Recommendation, first arguing that the procedural irregularity was waived because Plaintiff did not object to the testimony being given telephonically. (Doc. 22 at 4.) This Court held that the argument was not waived because there was no indication in the record that Plaintiff's stipulation to the testimony of the vocational expert included testifying by telephone. (*Id.*) The Court also overruled Defendant's objection that no procedural error occurred, relying on the fact that existing regulations did not permit telephonic testimony. (*Id.* at 7.) Finally, this Court rejected Defendant's argument that the error was harmless. The Court noted that new regulations had been implemented after the Magistrate Judge's Report and Recommendation was filed. *See Rules on Determining Hearing Appearances*, 78 Fed. Reg. 29624-25 (May 21, 2013) (codified at 20 C.F.R. pts. 404, 405, and 416). But even though the new regulations enacted after Plaintiff's administrative hearing permitted telephonic testimony, the Court pointed out that under these new regulations, ALJs were still required to provide a claimant with notice if a witness would appear telephonically, which made clear that the notice requirement offered important procedural protections to claimants. (*Id.* at 9.) Therefore, the Court found, the absence of notice was prejudicial to Plaintiff here. (*Id.*) The Court adopted the Magistrate Judge's Report and Recommendation and reversed and remanded the Commissioner's decision. (*Id*. at 10.)

3

On November 27, 2013, Plaintiff filed a motion for an attorney fee award, arguing that the Commissioner's position in response to Plaintiff's Statement of Errors was not "substantially justified." (Doc. 24 at 2-3.) Defendant opposed the motion on the grounds that its litigation position was substantially justified and that the fee request was unreasonable. (Doc. 25.) The Magistrate Judge issued a Report and Recommendation on May 2, 2014, concluding that Plaintiff's motion for attorney fees should be denied because the Commissioner's position was substantially justified. (Doc. 27 at 4-6.) The Magistrate Judge reviewed this question in light of the facts that while the Commissioner was litigating this claim: 1) there were other district court opinions that found in favor of the position advocated by the Commissioner; 2) the Commissioner was working on a change to the regulation in question that would allow telephonic testimony; and 3) the Plaintiff could not show specific prejudice. (*Id*. at 5.) Additionally, the Magistrate Judge pointed out that this Court, in adopting the prior Report and Recommendation, noted that new regulations were adopted "which allowed vocational expert testimony to be provided telephonically if advance notice and an opportunity to object were given to the claimant." (*Id*. at 3-4.) The Magistrate Judge, in finding that the Commissioner's position on harmless error was substantially justified, stated that "the Commissioner is always free to make a harmless error argument even when the regulation has been violated" and that the "substantiality of that argument will depend on the specific facts of each case." (*Id*. at 5.) The Magistrate Judge did not address the Commissioner's arguments that Plaintiff's attorneys' proposed hourly rate and the number of hours expended on the case were unreasonable. Plaintiff now objects to the Report and Recommendation. (Doc. 29.)

### III.  STANDARD OF REVIEW

Upon objection, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Under the EAJA, a prevailing plaintiff is entitled to recover attorney fees from the government unless the Court finds that the Commissioner's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Sigmon Fuel Co. v. Tenn. Valley Auth.*, 754 F.2d 162, 166 (6th Cir. 1985). The Commissioner bears the burden of demonstrating that the agency's litigation position was substantially justified. *E.W. Grobbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999). The Commissioner's position is "substantially justified" under the EAJA if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner's burden is to "show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (6th Cir. 1984). Thus, a position can be "justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2.

### IV.  ANALYSIS

#### A. Substantially Justified Litigation Position

Plaintiff maintains that it was unreasonable for the Commissioner to defend a violation of the agency's own regulations and that holding otherwise would indicate that agencies may freely

5

violate regulations without consequence. (Doc. 29 at 1-2.) Plaintiff further asserts that the Commissioner was on notice that several district courts had held that allowing telephonic testimony absent notice to a claimant was in violation of agency regulations and, therefore, it was unreasonable for the Commissioner to pursue this action in litigation. (*Id*.) Plaintiff reasons that individuals are entitled to rely on regulations that are in place, agencies are bound by such regulations, violation of regulations is reversible error, and defending such reversible error is unreasonable. (*Id*. at 3.)

Conversely, the Commissioner contends that even if its position was incorrect, it still had a reasonable basis in law and fact. (Doc. 25 at 3.) The Commissioner argues that it was reasonable to take the positions that: (1) Plaintiff had waived any argument on the expert testimony being given telephonically; (2) the ALJ's allowance of the telephonic testimony was not an error; and (3) if there were an error, it was harmless. (*Id*. at 3.) In support of its harmless-error argument, the Commissioner points to several other cases where federal courts had found the agency's use of telephonic testimony to be harmless error. (*Id.* at 4.)

First, the Court finds that the Commissioner's position that Plaintiff had waived her argument was insubstantial because there was nothing in the record to show waiver. The record does not reflect that Plaintiff's counsel's stipulation that Mr. Brown, the vocational expert, was qualified to give testimony also encompassed a stipulation that he could do so by telephone. (*See* Docs. 14 at 11, 27 at 4-5.)

The Court next turns to the Commissioner's argument that it was substantially justified in taking the position that no procedural error occurred. In *Wilson v. Commissioner of Social Security*, the Sixth Circuit emphasized the importance of a federal agency following its own regulations:

6

> An agency's failure to follow its own regulations "tends to cause unjust discrimination and deny adequate notice" and consequently may result in a violation of an individual's constitutional right to due process. Where a prescribed procedure is intended to protect the interests of a party before the agency, "even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed."

378 F.3d 541, 545 (6th Cir. 2004) (quoting *Sameena, Inc. v. United States Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998) (internal citations omitted)). Although an agency's failure to adhere to its own procedures does not always require remand, remand is warranted when "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056-57 (6th Cir. 1983); *see also Wilson*, 378 F.3d at 546-47 (recognizing the distinction between regulations "intended primarily to confer important procedural benefits upon individuals" and regulations "adopted for the orderly transaction of business before [the agency]").

The Court agrees with the reasoning of another court in this district, *Fisk v. Astrue*, which found that it was not substantially justified for the Commissioner to defend the ALJ's failure to comply with the procedural requirement to give good reasons for its determination of the weight to give to a treating source's opinion. No. 3:05-cv-145, 2009 WL 161335, at *2 (S.D. Ohio. Jan. 22, 2009). The *Fisk* court relied on *Wilson* for the proposition that "[w]here a prescribed procedure is intended to protect the interests of a party before the agency, even though generous beyond the requirements that bind such agency, that procedur[e] must be scrupulously observed." *Id* at *3 (quoting *Wilson*, 378 F.3d at 545). Here, the Court finds that the former regulations allowing witnesses to testify in-person or by videoconference, but not by telephone, created procedural protections for claimants. *See* 20 C.F.R. § 404.950. This is particularly apparent when read in conjunction with 20 C.F.R. § 404.938, which states that the agency is required to notify the claimant in advance whether the hearing will be in person or by

7

videoconference and gives the claimant an opportunity to opt out of a video hearing in favor of an in-person hearing.  As the Magistrate Judge pointed out in his earlier Report and Recommendation recommending remand:

> If the rule were intended only for the convenience of the agency or ALJs, it would not require personal or videoconference attendance of either claimants or witnesses; the fact that is does so is based on the benefit to the claimant in having an agency adjudicator see the claimant face-to-face and in allowing the claimant to see the witnesses who testify and pose questions to them in the most effective manner possible.

(Doc. 14 at 14-15.)

The Court's earlier decision remanding this case to the Commissioner recognized that although the regulations were amended after the Magistrate Judge recommended remand on these grounds, the Commissioner's amended regulation maintained a requirement for claimant to receive notice if a person would appear telephonically.  (Doc. 22 at 9-10.)  Here, there is no evidence that Plaintiff was given notice of the telephonic testimony.  Therefore, it is clear that the regulation in question, both in its earlier and current forms, is "intended to confer important procedural benefits upon individuals" and, therefore, that it was prejudicial to Plaintiff for the vocational expert to be permitted to testify telephonically.  *See Wilson*, 378 F.3d at 547.

Although the Commissioner cites cases in which courts have used a harmless-error analysis and declined to reverse an ALJ decision for procedural error, the Court is not persuaded that this is sufficient to show that the Commissioner's position was substantially justified.  As another court pointed out when ordering remand after a vocational expert was permitted to testify telephonically before an ALJ:  "Living as we do in the present [before any regulatory change had been implemented], neither ALJs nor the Commissioner himself can abrogate the current regulatory scheme and proceed as they think right or expedient in a given case." *Koutrakos v. Astrue*, 906 F. Supp. 2d 30, 42 (D. Conn. 2012).  To hold otherwise would be to allow agencies

8

to violate procedures that must be "scrupulously observed." *Wilson*, 378 F.3d at 545. This is especially true given that the agency subsequently amended its regulations to allow for telephonic testimony, indicating that the agency was on notice that its failure to follow its own regulations was not a substantially justified litigation position. Indeed, the government filed its objection to the Magistrate's earlier Report and Recommendation four days before the amended regulation was publicly announced. (Doc. 20.) *See Rules on Determining Hearing Appearances*, 78 Fed. Reg. 29624-25 (May 21, 2013) (codified at 20 C.F.R. pts. 404, 405, and 416). In explaining the rule change, the Social Security Administration acknowledged that the promulgation of this regulation was partly in response to recent court cases. *Id.* The agency also explained that if a person were permitted to appear by telephone, notice would be given to the claimant, which, again, suggests that the agency knew that this regulation was intended to grant procedural protections to claimants. *Id.*

> As the *Fisk* court noted:
>
> There is, it is true, a narrow category of case in which a "*de minimis*" procedural violation may constitute harmless error, such as when "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it" or where the Commissioner "has met the goal of ... the procedural safeguard or reasons." *Wilson*, 378 F.3d at 547. But, this is not the "rare case" where "the ALJ's analysis [met] the goal of the rule even if not ... its letter." *Nelson v. Comm'r. of Soc. Sec.,* 195 F. App'x 462, 472 (6th Cir. 2006).

*Fisk*, 2009 WL 161335, at *4. Here, the Commissioner violated its own regulations by allowing expert testimony to be given telephonically. Like *Fisk*, this regulation was intended to provide procedural protection to claimants and the agency's violation of the regulation was not a case of *de minimis* procedural error. Therefore, the Court finds that the Commissioner's position was not substantially justified.

9

### B.  Fee Amount

When finding that the government's litigation position was substantially justified and therefore recommending that this Court deny Plaintiff's motion for attorney fees, the Magistrate Judge did not reach the question of whether the fees requested by Plaintiff were reasonable.  This issue is fully briefed by the parties and ripe for review.  For the reasons that follow, the Court will grant an award of attorney fees to Plaintiff in the amount of $5,996.50.

Plaintiff requests attorney fees for 42.5 hours of time by attorney Payam Yazdani and 6.5 hours of time by attorney David S. Bloomfield, totaling 49 hours at an hourly rate of $179 for a total fee request of $8,771.00.  The Commissioner argues that the fee request is excessive.  The Commissioner asks the Court to award an hourly rate of no more than $125 and also contends that the billing entries submitted by Plaintiff include work that was excessive, redundant, or otherwise unnecessary.

#### *1.  Hourly Rate*

The EAJA provides that the amount of attorney fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved. justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  The Sixth Circuit explained Plaintiff's burden to demonstrate that she is entitled to an hourly rate of more than $125:

> Plaintiffs must produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

*Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (internal quotation marks and citations omitted).  Here, Plaintiff submitted evidence of the Consumer Price Index for Urban

areas in the Midwest, as well as the Ohio State Bar Association Publication "The Economics of Law Practice in Ohio in 2013," which shows that the median hourly attorney rate for 2013 in Ohio was $207 and the average was $233. This same survey shows that the median downtown Columbus hourly rate is $275 and the median Social Security attorney's billing rate is $250. Plaintiff's attorneys also submitted affidavits accompanying their reply brief attesting that they have been practicing law since 2009 (Yazdani) and 1969 (Bloomfield) and that they practice in Columbus, Ohio.

The Court finds that a reading of the Ohio State Bar Association's "The Economics of Law Practice in Ohio in 2013," which can be useful as a "point of reference" in determining a reasonable attorney's fee, *see Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 n.6 (6th Cir. 2007), demonstrates that the hourly rates in question here are reasonable. *See Kash v. Comm'r*, No. 3:11-cv-44, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012), *adopted by* 2012 WL 3636936, at *1 (S.D. Ohio Aug. 22, 2012) (finding an hourly rate of $176.36 reasonable in an EAJA fee application). The Court will award attorney fees at the requested hourly rate of $179.

*2. Hours Expended*

The Court must exclude from its award of fees "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Commissioner argues that Plaintiff requests fees for excessive and redundant hours. Although there is no bright-line rule establishing what a reasonable number of hours expended on a Social Security case would be, the Commissioner points to Sixth Circuit cases examining district court opinions that noted that Social Security appeals require approximately 20-40 hours of attorney time. *See Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990). Another decision from this district

11

included a survey of a large number of EAJA fee petitions and found that the general range of time expended on these cases was 15-25 hours. *See Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013). In support of the position that this case was not so complex as to warrant a deviation from this hourly range, the Commissioner argues that: (1) Plaintiff did not file a reply brief before the Magistrate Judge; (2) Plaintiff did not file a response to the Commissioner's Objection to the Report and Recommendation; and (3) Plaintiff did not provide oral argument or file multiple substantive pleadings. (Doc. 25 at 9.)

Turning to particular billing items, the Commissioner challenges the 5.25 hours of pre-complaint work expended by Plaintiff's attorneys, the 2.25 hours requested for Yazdani to review the Magistrate Judge's Report and Recommendation and do research and draft a memo, and duplicative requests where both attorneys billed half an hour each to review the same order and 15 minutes each to email each other, as well as conferences the attorneys had with each other.

In their reply brief, Plaintiff's attorneys assert that the time spent in reviewing a 19-page Report and Recommendation with many case citations was not excessive, that email correspondence includes various scheduling and matters pertaining to notices of filing and are not unreasonable, and that their pre-complaint work consisted of drafting the complaint and preparing the case for filing.

Although the Court agrees with Plaintiff that a bright-line rule of hours necessary to expend on a Social Security case is inappropriate because some cases present complex or time-consuming issues, this is not such a case, and the Court finds that some of Plaintiff's requested 49 hours are unnecessary or redundant. Fees for "services performed before a lawsuit is formally commenced by the filing of a complaint" may be compensable, in particular "the drafting of the

initial pleadings and the work associated with the development of the theory of the case." *Webb v. Bd. Of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 243 (1985).  The Court finds that the billing entries submitted by Plaintiff for pre-complaint work are associated with developing the theory of the case and drafting the complaint.  Therefore, the Court will award fees for this work.

The Court has identified several billing entries that are vague, unreasonable, or unnecessary.  Accordingly, the Court will reduce Attorney Yazdani's hours by 10.5, to include entries referring to conferences and email correspondence with Attorney Bloomfield as well as vague entries including review of email and notices, review of the file, and correspondence submitted to client.  (*See* Doc. 24-1.)  The Court will also reduce Attorney Bloomfield's hours by 3.5 for conferences and email exchanges with Attorney Bloomfield, as well as by 1.5 for work that is duplicative of Attorney Yazdani's work in reviewing the Report and Recommendation and the Complaint.  (*See* Doc. 24-2.)  Therefore, the Court will award fees for 33.5 hours of work at the rates of $179/hour for a total fee award of $5,996.50.

## V. CONCLUSION

For the reasons stated above, the Court **SUSTAINS** Plaintiff's Objection and **REJECTS** the Magistrate Judge's Report and Recommendation.  The Court **GRANTS** attorney fees to Plaintiff in the amount of $5,996.50.

**IT IS SO ORDERED.**

    /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  January 15, 2016**